### UNITED STATES v. CLARK.
#### No. 13532.

United States District Court,
N. D. Alabama, S. D.
June 8, 1954.

Frank M. Johnson, Jr., U. S. Atty., Birmingham, Ala., M. Lewis Gwaltney, Asst. U. S. Atty., Birmingham, Ala., for The United States.

Beddow & Jones, and Robert W. Gwin, Birmingham, Ala., for defendant.

GROOMS, District Judge.

This matter is before the court on motion to dismiss the indictment.

On November 27, 1953, the United States filed a complaint before the United States Commissioner in Birmingham, Alabama, alleging therein that on or about January 15, 1948, the defendant did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him for the calendar year ending December 31, 1947. After the filing of this complaint, defendant demanded a hearing before the United States Commissioner. This hearing was granted on February 2, 1954, and upon the completion thereof the defendant was discharged. The grand jury was in recess at the time but reconvened on February 23, 1954, and on February 26, 1954, returned the indictment sought to be dismissed.

The defendant contends that Count One of the indictment is barred by the six-year statute of limitations. Title 26, U.S.C.A. § 3748. The United States takes the position that the facts here presented bring this case within the following provision of the section referred to:

"Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until.

the discharge of the grand jury at its next session within the district."

The reported cases fail to reveal that the courts have applied the quoted provision of the statute in a case involving a discharge by a commissioner. A discharge by a commissioner is not equivalent to an acquittal. The toll of the bar is conditioned upon the institution of the complaint and not its disposition. The complaint in this case was instituted within the six-year period. The indictment was returned by the grand jury at its next session. The court is of the opinion that the motion to dismiss should be overruled.