**UNITED STATES of America**

v.

**Julian FREEMAN.**

**No. IP 58–CR–28.**

United States District Court
S. D. Indiana,
Indianapolis Division.

Aug. 14, 1958.

Don A. Tabbert, U. S. Atty., Philip R. Melangton, Jr., Asst. U. S. Atty., Indianapolis, Ind., for plaintiff.

Bamberger & Feibleman, by Charles B. Feibleman, Indianapolis, Ind., Lewis, Weiland & Payne, by David M. Lewis, Indianapolis, Ind., for defendant.

HOLDER, District Judge.

An Indictment in Two Counts was returned against defendant and filed in the United States District Court for the Southern District of Indiana on March 18, 1958. Count One charges the defendant with tax fraud in violation of 26 U. S.C.A. § 145(b), (Internal Revenue Code of 1939.)

The defendant filed on March 27, 1958 his Motion to Dismiss Count One for the reason that the alleged offense occurred on or about March 17, 1952, more than six years after the alleged offense was committed as required by 26 U.S.C.A. § 3748(a), (Internal Revenue Code of 1939).

The government agrees that the Indictment was returned and filed after the expiration of the limitation period, but

that the statute was tolled pursuant to the provisions of 26 U.S.C.A. Section 3748 (Internal Revenue Code of 1939), which provides in part as follows:

"(a) * * *. Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district."

The facts developed on a hearing of June 25, 1958 are as follows:

Mr. John S. Lyman, Special Agent, Internal Revenue Service, United States of America, was assigned the case on March 31, 1954 and conducted the investigation. Mr. Lyman testified concerning the facts of the alleged offense before the Grand Jury of the United States District Court, Southern District of Indiana, Indianapolis Division which was completed on March 12, 1958. The Jury had not taken action thereon and while it was still in session on March 13, 1958 he appeared before said Commissioner pursuant to Title 18 U.S.C.A. Section 3045 and filed the following verified complaint:

"United States of America 〕 Commissioner's Docket No. 3

v

Julian Freeman

Case No. 465

Complaint for Violation of

U. S. C Title 26

Section 145(b) Internal Revenue Code of 1939

Before ___Lawrence Turner, Jr.___ , ___Indianapolis, Indiana___ ,
     Name of Commissioner     Address of Commissioner

The undersigned complaint being duly sworn states:

That on or about ___March 15___ , 1952, at _____

_____ Indianapolis, Indiana _____ in the

___Southern___ District of _____ Indiana _____ ,

Julian Freeman, 5514 Washington Boulevard, Indianapolis, Indiana
     name of accused

who was the President of Norben, Inc., a corporation, did unlawfully
    here insert statement of the essential facts constituting the
    offense charged

and wilfully attempt to evade and defeat the income taxes due and

owing by Norben, Inc., to the United States of America for the year

1951 by filing and causing to be filed with the Collector of Internal

Revenue at Indianapolis, Indiana, a false and fraudulent income

tax return wherein it is stated that the net income of Norben, Inc.,

for the year 1951 was $70,577.57 when in fact it was $182,005.64.

s/ John S. Lyman
    John S. Lyman Signature of Complainant
    Special Agent, Internal Revenue Service
          Official Title

Sworn to before me, and subscribed in my presence, ___March 13___ , 19 58.

s/ Lawrence Turner, Jr.
    United States Commissioner"

No other evidence was heard by the Commissioner who examined the verified complaint, determined that it stated the essential facts constituting the offense charged and that from the complaint there was probable cause to believe that an offense had been committed and that the defendant named therein committed it. Thereupon a warrant for the arrest of the defendant was issued by the Commissioner to any United States Marshal or other authorized officer. Thereafter the defendant with the advice and counsel of his attorney voluntarily offered himself at the United States Marshal's Office where he was arrested and committed pursuant to said warrant on March 14, 1958. Defendant pursuant to Rule 5 Federal Rules of Criminal Procedure, 18 U.S.C.A., was brought before the Commissioner on March 14, 1958 for preliminary examination where he demanded a hearing, bail was fixed at $1,000, bond was posted, the date of probable cause hearing was fixed for March 20, 1958; and defendant was released. Prior to the probable cause hearing, the Indictment was returned in Two Counts on March 18, 1958 whereupon a warrant issued, defendant was arrested, committed and posted bond on March 20, 1958. The Commissioner conducted a hearing on March 20, 1958 pursuant to Rule 5, Federal Rules of Criminal Procedure and determined that there was probable cause to believe that an offense had been committed and that the defendant had committed it. He forthwith held him to answer in the District Court and transmitted to the Clerk of the District Court all papers in the proceeding and the bail taken by him.

The defendant alleged and proved that he was available for process at all times during the six years in question.

On June 26, 1958, the Motion to Dismiss was denied.

The defendant on July 9, 1958 filed his Motion to Reconsider the Court's Ruling of June 26, 1958 basing his Motion on the case of Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

The Motion to Reconsider was granted on August 12, 1958, and the Court's ruling of June 26, 1958 was set aside for the hearing of additional evidence to establish the date of the alleged offense charged in Count One.

It was then stipulated by the parties that the income tax return in question was filed on March 17, 1952, which established the commencement of the running of the limitation statute.

The Giordenello case, supra, settles the issue that the warrant for the arrest of the defendant was illegal because the verified complaint upon which it was based stated only the essential elements of the crime charged. It failed to recite that the affiant had personal knowledge of the facts or his sources of belief and other facts upon which a finding of probable cause could be made. While the actual fact was that the affiant had such personal knowledge and was possessed of the essential facts to present in the complaint to show probable cause for the decision of the Commissioner, yet it was not done. The affiant decided probable cause and not the Commissioner which the majority held in the Giordenello case, supra, was required by the Rules of Criminal Procedure and the Fourth Amendment. The complaint only contained the conclusions of the affiant in the bare essential language of 26 U.S.C.A. § 145(b), (Internal Revenue Code of 1939).

By reason of the Giordenello case, supra, it now appears that the Commissioner was not justified in finding probable cause on the verified complaint and in issuing a warrant.

The government next contends that 26 U.S.C.A. Section 3748, (Internal Revenue Code of 1939) only requires that a complaint be instituted before a Commissioner of the United States within the six years of the offense; that such a complaint was filed as is described in Rule 3 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which is as follows:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

It is unnecessary for the Court to decide whether a warrant issue and an arrest be consummated within the six year period from the alleged commission of the offense.

The Court holds that the language of the statute "Where a complaint is instituted" means that such proceedings must be inaugurated before the Commissioner within the limitation period that would be the basis for the issuance of a legal warrant for the arrest of the defendant. Clearly, the complaint meets the requirements of Rule 3 Federal Rules of Criminal Procedure, but the instituted proceedings were not supported by sworn evidence of probable cause within the complaint, or by separate sworn statement, or by sworn oral testimony in the presence of the Commissioner before he issued the warrant and the arrest of the defendant. It is inconceivable that Congress intended that the mere filing of a complaint that could not in itself result in the issuance of a warrant and in a legal arrest of the person charged within or after the period would toll the limitation statute. Prior cases helpful to Court on this issue are: United States v. Dolan, D.C.Conn.1953, 113 F.Supp. 757; United States v. De-Hardit, D.C.Va.1954, 120 F.Supp. 110; Pollock v. U. S., 5 Cir., 1953, 202 F.2d 281; United States v. Clayton-Kennedy, D.C.M.D.1933, 2 F.Supp. 233; United States v. Pack, D.C.Del.1957, 20 F.R.D. 209; United States v. Langsdale, D.C. Mo.1953, 115 F.Supp. 489; Zacher v. U. S., 8 Cir., 1955, 227 F.2d 219; United States v. Michael, 3 Cir., 1949, 180 F. 2d 55; United States v. Clark, D.C.Ala. 1954, 122 F.Supp. 150; United States v. Scully, D.C.N.Y.1954, 119 F.Supp. 225; Id., 2 Cir., 1955, 225 F.2d 113; White v. U. S., 5 Cir., 1954, 216 F.2d 1; United States v. Rully, D.C.Conn.1955, 136 F.

Supp. 881; United States v. Montgomery, D.C.Pa.1958, 158 F.Supp. 267.

The defendants' Motion to Dismiss is sustained and Count One of the Indictment is dismissed.