UNITED STATES of America, Plaintiff,

v.

Fred B. BLACK, Jr., Defendant.

No. 21510.

United States District Court
W. D. Missouri, W. D.

April 30, 1963.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

Daniel L. Brenner, John B. Ewing, Jr., Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This case pends on defendant's motion to dismiss the indictment returned on March 29, 1963, charging defendant with a violation of Section 7201, of Title 26, United States Code, for the calendar year 1956.

Defendant's motion alleges that "indictment is barred by the provisions of the Statute of Limitations as set forth in Section 6531, Title 26, of the U.S.C.A., in that proceedings had before the United States Commissioner on January 29, 1963, did not toll and extend the Statute of Limitations beyond the six (6) years from February 8, 1957, the date alleged in the said indictment".

The principle thrust of defendant's motion is allegedly that the "complaint filed before the United States Commissioner did not contain any facts indicating that there was a reasonable cause to believe that the defendant, Fred B. Black, Jr., had committed any offense against the laws of the United States" and that, therefore, the time for the commencement of the statute of limitations was not extended by operation of the next to the last sentence of Section 6531 of Title 26, U.S.C., in that no valid complaint within the meaning of that statute was ever made.

Attached to defendant's motion and incorporated therein by reference is an agreed statement of facts, in which both parties concede that the Honorable F. Russell Millin, the United States Attorney for this District, and Lawrence B. Bennett, a special agent of the Internal Revenue Service, appeared before the Honorable Lee E. Cisel, United States Commissioner for this District, on January 29, 1963, with the complaint and that the complaint was signed and sworn to by the Special Agent in the presence of the Commissioner. It is further conceded that the complaint (copy of which is attached as an appendix to this Memorandum and Order) was read by the Commissioner and that he thereafter issued the usual Commissioner's summons requiring defendant to appear before him on April 1, 1963, to answer the complaint charging defendant with willfully attempting to evade and defeat the income taxes due and owing by him to the United States for the calendar year 1956 in violation of the same statute. Defendant was subsequently indicted on March 29, 1963. He therefore never appeared before the United States Commissioner.

Copies of the complaint and summons are before the Court in accordance with the agreed statement of facts. We note also that it is also agreed that no evidence or information other than that just stated was presented to the United States Commissioner at the time the complaint was issued. There is no claim in defendant's motion or his suggestions that the United States Commissioner failed to perform any duty imposed upon him by law. Basically, defendant claims that the United States Commissioner did not have any power to act unless he had more before him than he did have under the admitted factual situation just stated.

Defendant points out that the complaint did not state the names of the third persons interviewed by Special Agent Bennett who allegedly had personal knowledge of defendant's financial condition and that it did not indicate the contents of the private and public documents which Special Agent Bennett had allegedly examined and audited and from which he had allegedly acquired his personal knowledge of the alleged violation. It is for these reasons that defendant contends that the complaint fails to contain a statement of facts which could give support to a determination that probable cause existed.

Defendant relies upon cases which in turn rest upon Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). That case involved a complaint which in effect recited no more than the elements of the crime charged. Such a complaint was held to be defective. So far as the factual situation involved in this case is concerned, we do not believe it held much more. Rules 3 and 4 must, of course, be read in light of the Fourth Amendment, which provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing * * * the persons or things to be seized".

Giordenello made clear that "the purpose of the complaint * * * is to enable the * * * Commissioner, to determine whether the 'probable cause' required to support a warrant exists".

That case, however, does not suggest that anything more than a valid complaint is necessary to authorize the issuance of the summons authorized by Rule 4. The complaint in Giordenello was held to be invalid for the reason that it failed to make any "affirmative allegation that the affiant spoke with the personal knowledge of the matters contained therein," nor did it "indicate any sources for the complainant's belief", nor did it "set forth any other sufficient basis upon which a finding of probable cause could be made".

We do not think that Giordenello should be read as broadly as defendant contends. We think also that Rules 3 and 4 must be read in conjunction with the other applicable Rules of Criminal Procedure and in accordance with the purpose of those rules as declared in Rule 2.

Rule 5 affords a defendant a preliminary hearing to determine whether probable cause does or does not exist and a defendant must be brought before a Commissioner without unnecessary delay. Certainly if the Supreme Court had intended complaints under Rules 3 and 4 to be judged with the technical niceties developed under the practice before the Rules were promulgated, a different sort of an amendment to that rule would have been proposed by the Committee of the Judicial Conference than that presently proposed. See the Advisory Committee Note and specific reference to Giordenello in regard to the proposed amendment to Rule 4 in 31 F.R.D. 671.

The cases relied upon by defendant do not support defendant's contention in this case. United States v. Freeman, S.D. Ind.1958, 165 F.Supp. 121, involved substantially the same factual situation as did Giordenello. United States v. Interbartolo, D.C.Mass.1961, 192 F.Supp. 587, recognized that "[u]nder Rules 3 and 4 * * * an arrest warrant may issue * * * upon a written and sworn complaint setting forth the essential facts constituting the offense charged

and showing that there is a probable cause to believe that the offense charged has been committed and that the defendant has committed it". Pugach v. Klein, S.D.N.Y.1961, 193 F.Supp. 630, involved a complaint that "wholly fails to show any facts, personal knowledge of underlying facts, any source of information or any other basis sufficient to support a finding of probable cause that a crime has been committed". And Berner v. Brennan, E.D.Wis.1961, 63–1 U.S.T.C. 87898, was predicated upon a specific finding that the United States Commissioner merely "glanced" at the complaint. Berner merely held, on the facts, that "since that inspection and determination was not made * * * the complaint was improperly filed and must be dismissed". We do not have such a case before us. The agreed facts show that the United States Commissioner acted in accordance with his Manual (see pages 5 to 8 thereof). No suggestion is made that he failed to perform his legal function and duty. We can not presume that he failed to do so. In fact, if presumptions are in order, we would be required to presume that he did act properly.

We have not overlooked the bench decision made by Judge Mathes in the Southern District of California in the case of United States v. Hyman Greenberg, on July 30, 1962, presently on appeal. We have studied the portion of the transcript furnished by counsel and find that we are in disagreement with the conclusions there stated.

Rule 4 makes clear that "if it appears *from the complaint* that there is probable cause" then a warrant or summons for the arrest of the defendant shall issue. We do not think that Rule 4 contemplates a return to the technical and prolix form of pleading that the Rules of Criminal Procedure sought to eliminate. Nor do we think that the simplicity of procedure adopted by Rules 3, 4 and 5 can result in unfairness to a particular defendant. We must not forget, as stated by Mr. Justice Cardozo in Snyder v. Commonwealth of Massachu-

setts, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674 (1934) that "justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true." There can be no balance if the Government is to be required to state its complete case in writing before it can get a summons issued to bring a defendant into court.

■ The Government's position also must be sustained because the indictment was in fact returned before the last day prescribed for the payment of the tax involved in this case. Under Section 6072(a) of Title 26, U.S.C., that day was April 15, 1957. Defendant was indicted within six years of that date.

Section 6531 of Title 26, U.S.C. establishes a six year period of limitation for the offense here involved. The last sentence of that section provides that "[f]or the purpose of determining the periods of limitation on criminal prosecutions, the rules of Section 6513 shall be applicable".

The "rules provided in Section 6513" insofar as they relate to the effect on the filing of an early return or advance payment of tax establish that the "payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day". That day, as we have noted, was April 15, 1957.

The House Report on the Internal Revenue Code of 1954 stated that Section 6531 "provides that for purposes of the period of limitations on criminal prosecutions the rules of Section 6513 shall be applicable" (1954 U.S.Code Cong. and Adm.News, p. 4564).

The Senate report on the same bill also contains the identical language. It further calls attention to the fact that the extension period was to be nine months after the date of the making of the complaint rather than after the discharge of the grand jury at its next session within the district (as was provided by former law) (1954 U.S.Code Cong. and Adm.News, p. 5237).

We know of no reason why the Congress of the United States could not select that firm date for the commencement of the running of the statute of limitations on all criminal prosecutions rather than any other date it might wish to select; it is a matter within the exclusive power of the Congress. Defendant's arguments on this point are more properly directed to the Congress, not to the courts.

For the reasons stated, defendant's motion to dismiss the indictment should be and is hereby denied.

It is so ordered.

## APPENDIX

[Caption omitted]

### COMPLAINT

Before Lee E. Cisel, United States Commissioner, Kansas City, Missouri.

The undersigned complainant, being duly sworn, states:

That he is a Special Agent of the Internal Revenue Service and, in the performance of the duties imposed on him by law, he has conducted an investigation of the Federal income tax liability of Fred B. Black, Jr., for the calendar year 1956, by examining the said taxpayer's tax return for the year 1956 and other years; by examination and audit of the said taxpayer's business and financial books and records; by identifying and interviewing third parties with whom the said taxpayer did business; by consulting public and private records reflecting the said taxpayer's income; and by interviewing third persons having knowledge of the said taxpayer's financial condition.

That based on the aforesaid investigation, the complainant has personal knowledge that on or about the 8th day of February, 1957, at Kansas City, Missouri, in the Western District of Missouri, Fred B. Black, Jr., did unlawfully and wilfully attempt to evade and defeat the income taxes due and owing by him to the United States of America for the calendar year 1956, by filing and causing to be filed with the District Director of Internal Revenue for the Internal Revenue District of Kansas City, at Kansas City, Missouri, a false and fraudulent income tax return wherein he stated that his taxable income for the calendar year 1956 was $21,970.75, and that the amount of tax due and owing thereon was the sum of $8,363.62, when in fact his taxable income for the said calendar year was the sum of $73,155.21 upon which said taxable income he owed to the United States of America an income tax of $34,734.89. In violation of 7201, Internal Revenue Code; 26 U.S.C. 7201.

/S/ Lawrence B. Bennett,

LAWRENCE B. BENNETT,
Special Agent
Internal Revenue Service

Sworn to before me and subscribed in my presence, this 29th day of January, 1963.

/S/ Lee E. Cisel

United States Commissioner