**UNITED STATES of America, Appellant,**

v.

**Hyman GREENBERG, Appellee.**

**No. 18285.**

United States Court of Appeals Ninth Circuit.

July 5, 1963.

Rehearing Denied Aug. 21, 1963.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; and Richard A. Murphy, Asst. U. S. Atty., Assistant Chief, Criminal Section, Los Angeles, Cal., for appellant.

Bertram H. Ross, Los Angeles, Cal., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and WEIGEL, District Judge.

JERTBERG, Circuit Judge.

The basic question on this appeal by the government is whether the District Court properly dismissed an indictment returned against appellee on the ground that prosecution of the offense charged in the indictment is barred by the Statute of Limitations.

The one count indictment was filed in the District Court on May 23, 1962 and charges that the appellee, on or about April 14, 1956:

"did wilfully and knowingly attempt to evade and defeat a large part of

the income tax due and owing by him and his wife to the United States of America for the calendar year 1955, by filing and causing to be filed with the Director of Internal Revenue for the Los Angeles Internal Revenue Collection District of California, at Los Angeles, a false and fraudulent joint income tax return on behalf of himself and his wife, wherein it was stated that their taxable income for said calendar year was the sum of $2,550.27 and that the amount of tax due and owing thereon was the sum of $461.35, whereas, as he then and there well knew, their taxable income for said calendar year was $10,-024.85, upon which said taxable income there was due and owing to the United States of America as income tax of $2,135.76. In violation of Section 7201, Internal Revenue Code of 1954; Title 26, United States Code, Section 7201."

Section 7201 of Title 26 U.S.C., provides as follows:

"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution."

The six year period of limitation established by Section 6531, Title 26 U.S.C. expired on April 14, 1962. Since the indictment was not filed until May 23, 1962, it is conceded that the prosecution of the offense set forth in the indictment is barred unless the six year period of limitation was extended by the institution of a complaint against the appellee before a Commissioner of the United States on April 13, 1962. Section 6531, Title 26 U.S.C. provides, in pertinent part, as follows:

"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

\* \* \* \* \* \*

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

\* \* \* \* \* \*

"Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States. \* \* \* "

The complaint filed with the United States Commissioner for the Southern District of California on April 13, 1962, is as follows:

"Complaint for violation of Section 7201,

"Internal Revenue Code of 1954, Title 26 U.S.C. 7201. Before Theodore Hocke, United States Commissioner, Los Angeles, California.

"The undersigned complainant, being duly sworn, states:

"That he is a Special Agent of the Internal Revenue Service and, in the performance of the duties imposed on him by law, he has conducted an investigation of the Federal income tax liability of HYMAN GREENBERG for the calendar year 1955 and other years; by examination of the said taxpayer's records; by identifying and interviewing third parties with whom the said taxpayer did business; by consulting public and private records reflecting the said taxpayer's income; and by interviewing third persons having knowledge of the said taxpayer's financial condition.

"That based on the aforesaid investigation, the complainant has personal knowledge that on or about the 15th day of April, 1956, at Los Angeles, California, in the Southern

District of California, HYMAN GREENBERG, who during the calendar year 1955 was married, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1955 by filing and causing to be filed with the Director of Internal Revenue at Los Angeles, California, a false and fraudulent joint income tax return on behalf of himself and his said wife wherein it was stated that their taxable income for the said calendar year was $2,550.27, and that the amount of tax due and owing thereon was the sum of $461.35, when in fact their joint taxable income for the said calendar year was the sum of $10,024.85, upon which said taxable income there was owing to the United States of America an income tax of $2,135.76."

The summons issued by the United States Commissioner upon the complaint was personally served on the appellee on April 13, 1962.

The summons directed the appellee to appear before the Commissioner on May 4, 1962 "to answer to complaint charging you with evasion of income tax in violation of U.S.C. Title 26, Section 7201."

Included in the record before us is the Certificate of the United States Commissioner in which, among other things, he certifies "that the only evidence or information presented to me in connection with the filing of said complaint and the issuance of said summons was the affidavit of Walter E. Schlick as set forth in the aforesaid complaint."

Rule 3 of the Federal Rules of Criminal Procedure provides as follows:

"THE COMPLAINT

"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

Rule 4 of the Federal Rules of Criminal Procedure in pertinent part provides as follows:

"Warrant or Summons upon Complaint

"(a) Issuance. If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. Upon the request of the attorney for the government a summons instead of a warrant shall issue.. More than one warrant or summons may issue on the same complaint. If a defendant fails to appear in response to the summons, a warrant shall issue.

"(b) Form.

"(1) Warrant. The warrant shall be signed by the commissioner and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. It shall describe the offense charged in the complaint. It shall command that the defendant be arrested and brought before the nearest available commissioner.

"(2) Summons. The summons shall be in the same form as the warrant except that it shall summon the defendant to appear before a commissioner at a stated time and place.

"(c) Execution or Service; and Return.

"(1) By Whom. The warrant shall be executed by a marshal or by some other officer authorized by law. The summons may be served by any person authorized to serve a summons in a civil action.

\* \* \* \* \* \*

"(3) Manner. The warrant shall be executed by the arrest of the defendant. \* \* \* The summons shall be served upon a defendant by delivering a copy to him personally, or by leaving it at his dwelling house or usual place of abode with some

person of suitable age and discretion then residing therein or by mailing it to the defendant's last known address.

"(4) Return. * * *"

On motion of the appellee, the District Court held that the complaint filed on April 13, 1962, based upon the April 14, 1956 offense set forth in the indictment, did not state sufficient facts to establish probable cause and accordingly the complaint was insufficient to toll the running of the six year period of limitation.

The government advances a two-facet argument in support of its position that the judgment of dismissal of the indictment entered by the District Court must be reversed. One facet is that in instances where a summons is issued on a complaint under Rule 4, the complaint on which it is based need not state probable cause but need only to conform to the requirements of Rule 3, and that the probable cause requirement of Rule 4 need be observed only where a warrant of arrest is issued by the Commissioner upon the filing of the complaint. The second facet is that the complaint in question was sufficient to meet the probable cause requirement of Rule 4.

■ It appears to us to be well settled that where a warrant of arrest is issued by the Commissioner on a complaint under Rule 4, the complaint is insufficient if it simply states the essential facts constituting the offense charged as stated in Rule 3. In Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) a warrant of arrest was issued under Rule 4, based on a written complaint which read in part:

"The undersigned complainant [Finley] being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.

"And the complainant further states that he believes that——

——are material witnesses in relation to this charge."

At page 485, at page 1249 of 78 S.Ct., the court stated:

"The provisions of these Rules [Criminal Rules 3 and 4] must be read in light of the constitutional requirements they implement. The language of the Fourth Amendment, that ' * * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing * * * the persons or things to be seized,' of course applies to arrest as well as search warrants. See Ex parte Burford, 3 Cranch 448, [2 L.Ed. 495]; McGrain v. Daugherty, 273 U.S. 135, 154–157 [47 S.Ct. 319, 71 L.Ed. 580.]. The protection afforded by these Rules when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint. ' * * * be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14 [68 S.Ct. 367, 92 L.Ed. 436]. The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.

"When the complaint in this case is judged with these considerations in mind, it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination under Rule 4 that probable cause existed. The complaint contains no affirmative allegation that the affiant spoke with per-

sonal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer. The insubstantiality of such an argument is illustrated by the facts of this very case, for Finley's testimony at the suppression hearing clearly showed that he had no personal knowledge of the matters on which his charge was based. In these circumstances, it is difficult to understand how the Commissioner could be expected to assess independently the probability that petitioner committed the crime charged. Indeed, if this complaint were upheld, the substantive requirements would be completely read out of Rule 4, and the complaint would be of only formal significance, entitled to perfunctory approval by the Commissioner. This would not comport with the protective purposes which a complaint is designed to achieve.

"It does not avail the Government to argue that because a warrant of arrest may be issued as of course upon an indictment, this complaint was adequate since its allegations would suffice for an indictment under Federal Rule of Criminal Procedure 7 (c). A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged. Here, in the absence of an indictment, the issue of probable cause had to be determined by the Commissioner, and an adequate basis for such a finding had to appear on the face of the complaint."

The following decisions follow the rationale of Giordenello; Di Bella v. United States, 284 F.2d 897 (2nd Cir.1960), reversed on other grounds 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Pugach v. Klein, 193 F.Supp. 630 (D.C., S.D. New York, 1961); United States v. Interbartolo, 192 F.Supp. 587 (D.C., Mass. 1961); United States v. Freeman, 165 F. Supp. 121 (D.C., S.D.Ind., 1958).

In our view the duties of the United States Commissioner under Rule 4 in respect to the issuance of a warrant are the same as his duties in respect to the issuance of a summons. The plain language of Rule 4(a) makes no distinction between the issuance of a warrant or a summons insofar as the requirement of probable cause is concerned. The second sentence of Rule 4(a) provides: "Upon the request of the attorney for the government *a summons instead of a warrant shall issue.*" (Emphasis ours.) In fact, if it appears from the complaint that there is probable cause to believe that an offense has been committed and the defendant has committed it, whether a warrant or a summons shall issue depends not upon the discretion of the Commissioner, but upon the request of the attorney for the government. Furthermore, under the last sentence of Rule 4 (a) "If a defendant fails to appear in response to the summons, a warrant shall issue", it would appear that such language imposes a duty upon the Commissioner to issue a warrant if the defendant fails to appear in response to the summons. *Attention is directed to the fact* that the summons directs the defendant to appear and answer the criminal offense charged in the complaint. It appears to us that insofar as a defendant is concerned, there is but little distinction between the issuance of a warrant or a summons. If he fails to respond to a summons, a warrant of arrest may issue. If he appears in response to the summons, in most instances he is required to post bail or suffer arrest and detention until a determination has been made by the Commissioner in respect to the charges pending against him.

■ We conclude, under the rationale of Giordenello that the requirement of Rule 4(a), that it must appear from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, is required whether a warrant or summons is issued upon the complaint.

In considering the second facet of the government's argument, it is to be remembered that in the instant case the Commissioner certified that the issuance of the summons was wholly based upon the affidavit of Walter E. Schlick as set forth in the complaint and that no other evidence or information was presented to the Commissioner.

In the first paragraph of such affidavit the complainant stated he had conducted an investigation of appellee's income tax liability: (1) by examination of the taxpayer's records, although no information disclosed by such records is set forth in the affidavit; (2) by identifying and interviewing third parties with whom the said taxpayer did business, although none of such individuals is identified in the affidavit and no information obtained from any of the persons interviewed is set forth in the affidavit; (3) by consulting public and private records reflecting the said taxpayer's income, although no information reflecting the taxpayer's income, disclosed by the public or private records, is set forth in the affidavit; and (4) by interviewing third persons having knowledge of the said taxpayer's financial condition, although none of the information obtained by such interviews is set forth in the affidavit.

In the second paragraph of the affidavit, the complainant's claimed personal knowledge that the appellee committed the offense alleged in the complaint is based entirely on the investigation made by him, set forth under items (1) to (4) inclusive mentioned in the preceding paragraph of this opinion. The result is that the affidavit, itself, establishes that the complainant was without any personal knowledge of the matters set forth in the complaint.

Appellant contends that the complaint is sufficient under DeHardit v. United States, 224 F.2d 673 (4th Cir.1955), C.D. 350 U.S. 863, 76 S.Ct. 105, 100 L.Ed. 765 (1955). Giordenello, supra, decided after DeHardit, robs it of some of its vitality. Furthermore, DeHardit is inapposite on its facts.

■ It is clear to us that the complaint in the instant case, when analyzed, sets forth only the complainant's conclusion and that the conclusion in no respect is based upon his personal knowledge. Such a complaint does not support the issuance of a warrant. We conclude, for the reasons hereinbefore set forth, that the complaint is insufficient to support the issuance of the summons. The six year period of limitation was not tolled by the institution of the complaint. The District Court properly dismissed the indictment.

The judgment of the District Court is affirmed.