**UNITED STATES of America, Plaintiff,**

v.

**Max JABEN, Defendant.**

**No. 21547–3.**

United States District Court
W. D. Missouri, W. D.

Sept. 4, 1963.

48

F. Russell Millin, U. S. Atty., Kansas City, Mo., James Featherstone and K. William O'Connor, Washington, D. C., for plaintiff.

Morris A. Shenker, St. Louis, Mo., James P. Quinn, of Quinn & Peebles and Kenneth Cohn, of Kansas City, Mo., for defendant.

DUNCAN, District Judge.

On May 17, 1963, the Federal Grand Jury returned an indictment in three counts against the defendant, in this court. In the first count it is charged:

"That on or about the 16th day of April, 1957, in the Western District of Missouri, Max Jaben, late of Blue Springs, Missouri, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 1956, by filing and causing to be filed with the District Director of Internal Revenue for the Internal Revenue District of Kansas City, Missouri, at Kansas City, Missouri, a false and fraudulent income tax return wherein he stated that his taxable income for said calendar year was the sum of $17,665.31 and that the amount of tax due and owing thereon was the sum of $6,017.32, whereas, as he then and there well knew, his taxable income for the said calendar year was the sum of 40,-001.76, upon which said taxable income he owed to the United States of America an income tax of $14,-562.99.

In violation of Section 7201, Internal Revenue Code; 26 U.S.C., Section 7201."

In the second count it is charged:

"That on or about the 15th day of April, 1958, in the Western District of Missouri, Max Jaben, late of Blue Springs, Missouri, did wilfully and knowingly make and subscribe and file and cause to be filed with the

District Director of Internal Revenue for the Internal Revenue Collection District of Kansas City, Missouri, at Kansas City, Missouri, a Form 1040 United States Individual Income Tax Return for the calendar year 1957, which was verified by a written declaration that it was made under the penalties of perjury, which said Form 1040 United States Individual Income Tax Return for the calendar year 1957 he did not believe to be true and correct as to every material matter in that in the said Form 1040 United States Individual Income Tax Return for the calendar year 1957 he stated that his taxable income for the calendar year 1957 was the sum of $22,370.02 and that the amount of tax due and owing thereon was the sum of $7,364.-60, whereas, as he then and there well knew and believed he had during calendar year 1957 received taxable income of $25,466.47 upon which said taxable income he owed to the United States of America an income tax of $7,430.58.

"In violation of Section 7206(1), Internal Revenue Code; 26 U.S.C., Section 7206(1)."

In the third count it is charged:

"That on or about the 13th day of July, 1959, in the Western District of Missouri, Max Jaben, late of Blue Springs, Missouri, who during the calendar year 1958 was married, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1958, by filing and causing to be filed with the District Director of Internal Revenue for the Internal Revenue District of Kansas City, Missouri, at Kansas City, Missouri, a false and fraudulent joint income tax return on behalf of himself and his said wife, wherein it was stated that their taxable income for said calendar year was the sum of $14,-020.13 and that the amount of tax due and owing thereon was the sum of $3,333.64, whereas, as he then and there well knew, their joint taxable income for the said calendar year was the sum of $24,039.46, upon which said taxable income there was owing to the United States of America an income tax of $6,816.97.

"In violation of Section 7201, Internal Revenue Code; 26 U.S.C., Section 7201."

The defendant has filed Motion to Dismiss the indictment on the ground that:

"1. The indictment is vague, indefinite and duplicitous; it fails adequately to inform the defendant of the charges against him, as required by the Sixth Amendment to the Federal Constitution; the indictment fails to allege all of the elements of the offenses attempted to be charged; it would not bar a subsequent prosecution for the same offense; and it deprives the defendant of the right to be charged by a grand jury, in that, the language is so general it would allow the Government to secure a conviction of the defendant based upon facts not found by, and perhaps not even presented to, the grand jury which indicted him."

I am unable to find anything indefinite or duplicitous in the indictment, or that it fails to adequately advise the defendant of the nature of the charge against him. It clearly alleges the nature of the offense and would be a bar to any subsequent prosecution for the same offense.

The second ground of the motion is that Count I of the indictment is barred by the six year statute of limitations, and that the filing of the complaint on April 15, 1963, did not toll the running of the statute.

The third ground alleges that the Government is guilty of laches and unnecessary delay in the filing of the complaint

and presenting the case to the grand jury, and that:

"* * * and as a result, defendant was denied his right to a 'speedy trial' under the Sixth Amendment to the Federal Constitution; and further, the unnecessary delay on the part of the Government was in violation of Rule 48(b) of the Federal Rules of Criminal Procedure."

Clearly, the complaint was filed within the statutory period. It is not an uncommon practice on the part of the Government to delay the filing of a case to the last minute. A complaint or charge may be filed any time within the statutory period.

The filing of a complaint before the Commissioner within the period of limitation has the effect of tolling the statute, and a conviction obtained under an indictment returned thereafter is not barred by the statute of limitations. 26 U.S.C.A. § 6531; Zacher v. United States, 227 F.2d 219, (C.A.8, 1955); United States v. De Hardit, 120 F.Supp. 110 (E.D.Va.1954).

The question of whether or not one charged with an offense has been denied a speedy trial must be considered from the time of the filing of the charge, and not from the period from which it could be charged within the period of limitation.

Upon oral argument, the defendant strenuously urged that the affidavit upon which the complaint was issued was not sufficient to justify issuance of the summons by the Commissioner.

The significance of this issue, of course, is that if the complaint was insufficient, then the statute of limitations was not tolled, and an indictment thereafter returned by a grand jury would be barred by the six year statute of limitations.

The affidavit was signed by a special agent of the Internal Revenue Service, who stated that he had conducted an investigation into the income tax liability of the defendant for the year in controversy by examining the defendant taxpayer's tax returns for the year 1956 and other years, by identifying and interviewing third parties with whom said taxpayer did business, by consulting private and public records and by interviewing third persons having knowledge of the taxpayer's financial condition.

He stated that he had personal knowledge that the defendant did unlawfully and illegally evade and defeat the income tax due and owing by him to the United States for the year 1956, by causing to be filed and filing with the District Director of Internal Revenue at Kansas City, the false and fraudulent income tax return.

On examination at the hearing on these motions, the agent testified that he had examined the books and records of the defendant, that they were made available to him and that it was from that information that he stated he was familiar with and knew of the matters or facts to which he made oath.

Apparently the agent had access to the books and records and documents which will be used by the Government in attempting to prove its case, and obtained the books and records of the defendant indicating the source of his income.

The statements contained in the complaint were based on information developed in the investigation conducted by the special agent who swore to the complaint. The factual situation here is not the same as that in United States v. Langsdale, 115 F.Supp. 489 (W.D.Mo. 1953) decided by this court, but is similar to that in United States v. Black, 216 F.Supp. 645 (W.D.Mo.1963) where a substantially similar complaint was approved by Judge Oliver of this court. It is also in compliance with the teachings of Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 and Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

The Motion to Dismiss is therefore overruled.

Defendant has also filed Motion for Bill of Particulars, in which he seeks a

great mass of information, to some of which he is entitled, and some not. Without describing in detail the information sought by the defendant, suffice it to say that by limited bill of particulars the Government advised that it would proceed under the net worth and non-deductible cash expenditures theory in submitting its case, and on oral argument supplied the amount it claims as defendant's opening net worth.

■ Under those circumstances, the Government will be required to furnish to the defendant, the sources from which the net worth was increased, categorized as to item and the deductions allowed to determine the earned net income for each calendar year.

With the above exception, the Motion for Bill of Particulars is overruled.

The defendant has also caused a subpoena to be issued directed to F. Russell Millin, United States Attorney, directing the production of:

"1. All books, papers, documents and objects obtained from defendant or others by seizure or by process.

"2. All books, papers, documents and objects obtained by the Government from others which the Government presented to the Grand Jury, expects to use at the trial, or is material to the trial or defense of this case.

"3. All memoranda of any and all statements allegedly given by the defendant to Government agents, including letters, interviews, admissions or confessions."

A subpoena was also directed to David A. Thompson, the special agent who made the investigation directing the production of:

"1. All records or papers pertaining to the above case.

"2. All statements and testimony made before the Grand Jury which indicted the defendant, and records and papers used in the testimony.

"3. Special Agent's Reports and Revenue Agent's Reports".

■ The Government has filed Motions to Quash the Subpoenas. The Government should be required to make available to the defendant, all books, papers, documents and objects obtained from the defendant or others seized pursuant to any process and not returned to the defendant or to others from whom they were obtained.

Any such books, documents and objects should be made available to the defendant in the office of the Clerk of this court for inspection, copying and photographing. This shall include all books, documents and papers obtained from others which the Government presented to the Grand Jury, and expects to use at the trial if such items have not been returned by the Government to the sources from which they were obtained.

The subpoenas will be quashed as to all other matters requested.

This ruling also disposes of all matters raised in defendant's Motion to Produce and Motion for Discovery.

Defendant's Motion to Suppress Evidence was overruled in open court after reception of evidence and argument.

It is so ordered.