**UNITED STATES of America, Plaintiff,**

v.

**Max JABEN, Defendant.**

**No. 21547–3.**

United States District Court
W. D. Missouri, W. D.

Nov. 8, 1963.

F. Russell Millin, U. S. Atty., Kansas City, Mo., James Featherstone and K. William O'Connor, Washington, D. C., for plaintiff.

Morris A. Shenker, St. Louis, Mo., James P. Quinn, of Quinn & Peebles and Kenneth Cohn, Kansas City, Mo., for defendant.

DUNCAN, District Judge.

Defendant was indicted for failure to pay his income taxes for the years 1956, 1957 and 1958, and he has filed "Supplemental Motion to Dismiss the Indictment", alleging that, "The indictment and each count is vague, indefinite and duplicitous; it fails adequately to inform the defendant of the charges against him," and follows the usual attack upon the indictment.

It also alleges that it is barred by the six year statute of limitations, and that:

"The Commissioner acted illegally, unlawfully and in violation of his duty in issuing the complaint and summons based upon the affidavit of Special Agent Thompson; he failed to accord defendant a hearing as required under Rule 5(c), thereby failing to give defendant the opportunity to 'cross-examine witnesses against him' and present evidence for the purpose of determining whether there was in fact probable cause to believe he committed an offense; * * *."

The same motion was before the court and overruled in a Memorandum and Order dated September 4, 1963, 225 F. Supp. 47, in which the provisions of the indictment were set out. In that order the court ruled upon all of the questions

that have now been raised in defendant's Supplemental Motion.

Apparently the only ground for the filing of this motion is that a similar question involving the sufficiency of the Complaint was before the court in United States v. Greenberg, on July 5, 1963, and reported in 320 F.2d 467 (9 Cir.) where a complaint was filed prior to the return of an indictment, obviously for the purpose of tolling the statute of limitations.

The complainant, a special agent of the Internal Revenue Service, made an affidavit which is in almost the exact language as that in the affidavit filed in the case now under consideration. That court held that the Commissioner could not determine for himself upon the complainant's affidavit, that probable cause existed for issuing the summons or warrant, and that the complaint so filed, did not toll the statute of limitations.

The question with which we are concerned here was before Judge Oliver of this court in United States v. Black, D.C., 216 F.Supp. 645, where the affidavit was identical with the one under consideration here. Judge Oliver in a well considered opinion, (written before United States v. Greenberg had been decided), overruled the defendant's Motion to Dismiss.

Since Greenberg and Black, supra, the identical question was before the Tenth Circuit in Sanseverino v. United States, 321 F.2d 714. That court said among other things:

"The filing of such complaint, when made by the examining agent and affirmatively stating that the complaint is based upon his personal investigation, effectively tolls the statute under the proviso of Sec. 6531 which provides in part: * * *"

A hearing was conducted on defendant's first motion in this court. The agent who made the affidavit testified, and also the commissioner. The commissioner, after explaining what took place at the time the summons was issued, stated:

"I read the Complaint and decided it was sufficient and signed my name to the summons."

It is very apparent from that that the commissioner made his own decision based upon the information that was given to him.

■ In his testimony, the agent gave the names of the partnerships, the records of which he examined. If an Internal Revenue agent may not be permitted to make an affidavit based upon information obtained by him from an examination of a taxpayer's personal books and records, I do not see how he could ever make an affidavit sufficient to obtain a warrant.

I think it may truthfully be said in considering the definition of "personal knowledge" that knowledge obtained from an investigation of such personal records as the defendant's own bookkeeping record would imply personal knowledge if that is required in this type of case.

■ Defendant seems to complain that he was not permitted the right to cross examine witnesses to determine whether or not there was any justification for issuing a complaint, or anything to show probable cause.

Following the issuance of the summons, the defendant was admitted to bail and thereafter was indicted. There was never any preliminary hearing, after the indictment was returned. There was no further reason to proceed under the complaint

It is my conclusion that the information was sufficient upon which to base the issuance of the summons, and that its effect was to toll the statute of limitations.

Said Motion to Dismiss is therefore overruled.