Max **JABEN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17566.**

United States Court of Appeals
Eighth Circuit.

June 16, 1964.

Rehearing Denied July 9, 1964.

Certiorari Granted Oct. 19, 1964.
See 85 S.Ct. 150.

---

**536**

Bernard J. Mellman, St. Louis, Mo., made argument for appellant and filed brief with Morris A. Shenker and Emanuel Shapiro, St. Louis, Mo., and James Patrick Quinn, Kansas City, Mo.

K. William O'Connor, Atty., Dept. of Justice, Washington, D. C., made argument for appellee and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., and F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

Max Jaben (hereinafter called appellant) tendered a plea of nolo contendere to Count I of an indictment charging him with attempted evasion of income tax for the year 1956. The plea was accepted by the court (Judge Duncan), and thereafter judgment of conviction was entered. The indictment was filed on May 17, 1963, more than six years after the offense alleged in Count I had been committed (April 16, 1957); however, the complaint upon which the summons was issued was filed on April 15, 1963, and within the limitation period.[1] This appeal presents the sole question whether the offense is barred by the statute of limitations. In order to resolve this is-

---

[1]. 26 U.S.C. § 6531, relating to periods of limitation on criminal prosecutions, provides in pertinent part that the period of limitation for prosecution for the offense of wilfully attempting in any manner to evade or defeat payment of any tax, is six years. This section further provides that, "Where a complaint is instituted before a commissioner of the United States within the period above limited [six years], the time shall be extended until the date which is 9 months after the date of the making of the complaint * * *."

Under the 1939 Code, § 3748(a), apparently applicable in Zacher v. United States, 8 Cir., 227 F.2d 219, 224–225 (1955), cert. denied, 350 U.S. 993, 76 S. Ct. 542, 100 L.Ed. 858 (1956), and Burger v. United States, 8 Cir., 262 F.2d 946, 953 (1959), cert. denied, 359 U.S. 990, 79 S.Ct. 1119, 3 L.Ed.2d 979 (1959), the period of limitation was extended "until the discharge of the grand jury at its next session within the district." For analysis of 26 U.S.C. § 6531 and the amendment, see 1954 U.S.Code Cong. & Adm.News, pp. 4564, 5236.

sue, we must scrutinize the complaint and determine whether it was sufficient to enable the United States Commissioner to ascertain that probable cause existed within the rationale and teachings of the Supreme Court in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), and consequently whether it was sufficient to toll the statute of limitations.

A summary of the facts, all undisputed, will serve to place the issue in proper perspective.

On April 15, 1963, David A. Thompson, Special Agent of the Internal Revenue Service, signed, swore to and filed the complaint around which the controversy is centered. Because of its importance, the complaint is set out in full in the margin under footnote 2.[2] The United States Commissioner determined from the complaint that probable cause existed and thereupon issued a summons directing appellant to appear before the Commissioner on May 15, 1963. On May 17, an indictment in three counts was filed in the United States District Court alleging that appellant had attempted to evade payment of income taxes for the years 1956, 1957 and 1958 by filing false and fraudulent income tax returns for those years on April 16, 1957, April 15, 1958, and July 13, 1959, respectively.

On July 2, appellant filed a motion to dismiss the indictment, specifically alleging as to Count I that the offense therein charged was barred by the six-year statute of limitations, and that the statute was not tolled by the complaint filed on April 15. After a hearing, the court on September 4 denied the motion. United States v. Jaben, W.D.Mo., 225 F.Supp. 47 (1963). Thereafter, on November 1, appellant filed a supplemental motion to dismiss the indictment—again most strenuously attacking Count I, apparently because of the Ninth Circuit's opinion in United States v. Greenberg, 320 F.2d 467 (1963). This motion was denied on November 8. United States v. Jaben, W.D.Mo., 226 F.Supp. 757 (1963).

On December 2, the plea of nolo contendere to Count I of the indictment was tendered by appellant and accepted by the court. Counts II and III of the indictment were dismissed, and on January 7, 1964, judgment was entered on appellant's plea. Appellant was sentenced to imprisonment for a term of two years, but execution of all but four months of the sentence was suspended, and appellant was placed on probation for twenty months. This appeal is from the judgment of conviction on the plea.

2. "The undersigned complainant, being duly sworn, states:

"That he is a Special Agent of the Internal Revenue Service and, in the performance of the duties imposed on him by law, he has conducted an investigation of the Federal income tax liability of Max Jaben for the calendar year 1956, by examining the said taxpayer's tax return for the year 1956 and other years; by identifying and interviewing third parties with whom the said taxpayer did business; by consulting public and private records reflecting the said taxpayer's income; and by interviewing third persons having knowledge of the said taxpayer's financial condition.

"That based on the aforesaid investigation, the complainant has personal knowledge that on or about the 16th day of April, 1957, at Kansas City, Missouri, in the Western District of Missouri, Max Jaben did unlawfully and wilfully attempt to evade and defeat the income taxes due and owing by him to the United States of America for the calendar year 1956, by filing and causing to be filed with the District Director of Internal Revenue for the District of Kansas City, Missouri, at Kansas City, Missouri, a false and fraudulent income tax return, wherein he stated that his taxable income for the calendar year 1956 was $17,665.31, and that the amount of tax due and owing thereon was the sum of $6,017.32, when in fact his taxable income for the said calendar year was the sum of $40,001.76 upon which said taxable income he owed to the United States of America an income tax of $14,562.99.

(Signed)   David A. Thompson
DAVID A. THOMPSON
Special Agent
Internal Revenue Service
Kansas City, Missouri."

■■ We note initially that the question whether the offense is barred, a question appropriately raised by the motions to dismiss, is not foreclosed by the plea of nolo contender. Appellant has the right to appeal from the judgment entered on the plea and to secure an adjudication of the question by this court. Melrose Distillers, Inc. v. United States, 4 Cir., 258 F.2d 726, 727 (1958), affirmed, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959). Compare also, Lott v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961).

Appellant concedes that the complaint was filed within six years after the alleged offense was committed and recognizes that if the complaint is legally sufficient, the indictment, even though filed after the limitation period, is timely and supports the judgment of conviction. Conversely, the Government concedes that if the complaint is legally defective, the statute was not tolled by the filing thereof and the prosecution is barred. No other conclusion is permissible in view of 26 U.S.C. § 6531, and prior adjudications by this court. Burger v. United States, supra, 262 F.2d 946; Zacher v. United States, supra, 227 F.2d 219.

Buttressed by the holding in United States v. Greenberg, supra, 320 F.2d 467, appellant's position, in summary, is that the challenged complaint is invalid on its face, in that it is vague, indefinite, is *pro forma,* and merely states the conclusion of the affiant; that it is based upon hearsay and no basis is alleged for crediting the hearsay; and that since no facts are alleged showing probable cause to believe that appellant committed the offense charged, the issuance of the summons violated the probable cause requirement of the Fourth Amendment to the United States Constitution and Rules 3 and 4, Fed.R.Crim.P.[3]

■ Beyond cavil, Greenberg, supra, 320 F.2d 467, which struck down an almost identical complaint, supports appellant's position. However, that holding is not binding upon us, and with all due deference, we are not inclined—for what we regard to be impelling and cogent reasons—to follow that case.

Unquestionably, and as recognized by appellant and the Government, the controlling authority is Giordenello v. United States, supra, 357 U.S. 480, 78 S.Ct. 1245. The parties differ, however, in their interpretation of the test which Giordenello established for determining whether the complaint satisfies the probable cause requirement.

It is well to have in mind that in Giordenello the pertinent part of the complaint read:

"'The undersigned complainant [Finley] being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.'" 357 U.S. at 481, 78 S.Ct. at 1247.

The crux of the holding in Giordenello on the issue before us is articulated as follows at pp. 485–486 of the opinion, at p. 1249 of 78 S.Ct.:

"Criminal Rules 3 and 4 provide that an arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth 'the essential facts constituting the offense charged,' and (2) showing 'that there is probable cause to be-

---

3. Rule 3, Fed.R.Crim.P., provides: "The complaint is a written statement of the essential facts constituting the offense charged. · It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

Rule 4 provides in pertinent part that if it appears from the complaint that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant shall issue; or upon the request of the attorney for the Government, a summons instead of a warrant shall issue.

lieve that [such] an offense has been committed and that the defendant has committed it * * *.' The provisions of these Rules must be read in light of the constitutional requirements they implement. The language of the Fourth Amendment, that ' * * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing * * * the persons or things to be seized * * *,' of course applies to arrest as well as search warrants. See Ex parte Burford, 3 Cranch 448, 2 L.Ed. 495; McGrain v. Daugherty, 273 U.S. 135, 154–157 [47 S.Ct. 319, 323, 71 L.Ed. 580]. The protection afforded by these Rules, when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint ' * * * be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14 [68 S.Ct. 367, 369, 92 L.Ed. 436]. The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime.

"When the complaint in this case is judged with these considerations in mind, it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination under Rule 4 that probable cause existed. The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made."

Unlike Giordenello, here the complainant (Agent Thompson) stated under oath that he had personally investigated the tax liability of appellant; he set forth the nature of that investigation and stated that based upon the investigation he had "personal knowledge" that appellant had committed the offense which formed the basis of Count I of the indictment. In our view, the complaint does "pass muster" because it does provide a basis for the Commissioner's determination of the existence of probable cause.

Complaints substantially identical to the one under consideration were held invulnerable to the same attack appellant advances by at least two other district courts, United States v. Black, W.D. Mo., 216 F.Supp. 645 (1963) (Judge Oliver), and United States v. Scheetz, S.D.Ind., 224 F.Supp. 789 (1963) (Chief Judge Steckler).

Additionally, the identical question was raised before the Tenth Circuit in Sanseverino v. United States, 321 F.2d 714 (1963).[4] There, the appellant had urged that, "The complaint was not sufficient to toll the statute for the further reason that it does not show the matters

4. Appellant admits that the briefs in Sanseverino (provided to this Court by appellant) contain some discussion of the question before us. However, appellant discounts Sanseverino's applicability, claiming that there no challenge to the complaint was made in the trial court, and consequently the Tenth Circuit did not discuss it, apparently thinking the issue waived.

Although the complaint does not appear in the reported opinion in Sanseverino, a true copy of such complaint was filed with the district court here and appears as a part of the original files. The complaint is similar, although perhaps not quite as complete, as the one before us.

were in the personal knowledge of the affiant and no showing that testimony was taken." In response, the Government, after an extended discussion of United States v. Freeman, S.D.Ind., 165 F.Supp. 121 (1958), and Giordenello v. United States, supra, 357 U.S. 480, 78 S.Ct. 1245, stated,

"The complaint fully meets the test set forth in Giordenello in respect of complainant's *personal knowledge* of the matters therein set forth, and in respect of the *sources for complainant's belief* that a crime had been committed."

The Tenth Circuit, without reference to the arguments summarized above, held:

"The filing of such complaint, when made by the examining agent and affirmatively stating that the complaint is based upon his personal investigation, effectively tolls the statute under the proviso of Sec. 6531 * * *." 321 F.2d at 715.

We are constrained to observe additionally that if Giordenello is to be accorded the broad meaning and application contended for by appellant, then the result could conceivably be the elimination entirely of the filing of complaints by agents of the Internal Revenue Service who have conducted an investigation of the liability of a taxpayer. As stated by Judge Duncan, supra, 226 F.Supp. at 758, "If an Internal Revenue agent may not be permitted to make an affidavit based upon information obtained by him from an examination of a taxpayer's personal books and records, * * * [we] do not see how he could ever make an affidavit sufficient to obtain a warrant." We do not believe such result was intended; certainly it would not be desirable, and is not necessary to protect the constitutional rights of the alleged offender.

The trial court properly held that the complaint tolled the statute of limitations. The judgment of conviction is

Affirmed.