UNITED STATES of America,
Plaintiff,

v.

Edward JABEN, Defendant.

No. 21658.

United States District Court
W. D. Missouri, W. D.

Nov. 29, 1963.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., William O'Conner, Stephen Koplan, Washington, D. C., for plaintiff.

Charles C. Shafer, Jr., Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This case pends on what counsel for the defendant has captioned a "Motion to Quash Indictment". In order that we deal with substance rather than form, we shall treat that motion as both a motion to dismiss filed pursuant to Rule 12, Rules of Criminal Procedure, and as a motion to strike surplusage filed pursuant to Rule 7(d) of the Rules of Criminal Procedure.

Rule 12(a) of the Rules of Criminal Procedure expressly abolished as of 1945 all "motions to quash". That rule requires that "defenses and objections raised before trial which heretofore [1945] could have been raised by [a motion to quash] shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules". Rule 7 of the Rules of Criminal Procedure permits a motion to strike surplusage.

Counsel's suggestion in open court that Rule 54 somewhat authorizes a "motion to quash" is obviously inapposite but we shall proceed to determine defendant's motion on the merits consistent with the declared purpose that the Rules of Criminal Procedure "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustified expense and delay" (Rule 2 of the Rules of Criminal Procedure).

Defendant's motion alleges in regard to Counts I, III and IV of the indictment, all of which charge violations of Section 7206(1) of Title 26 United States Code, that the Grand Jury "has erroneously enlarged upon the alleged statutory crime * * * by adding the words 'knowingly' and 'well knew' to the language of the statute."

A not dissimilar contention is made in connection with Count II of the indictment which charges a violation of Sec-

tion 1001 of Title 18 United States Code. In regard to Count II the defendant alleges that "the Grand Jury erroneously enlarged upon" the statute by adding the word "wilfully".[1]

Defendant concedes that what he calls "the precise point of enlarging the scope of Counts I, III, and IV by adding the word 'knowingly' [in the indictment when that word does not appear in the statute] has not been raised in prior cases".

All of defendant's talk about "enlargement" springs from a sentence quoted completely out of context from Mr. Justice Jackson's opinion in Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952). That sentence reads: "The spirit of the doctrine which denies to the federal judiciary power to create crimes forthrightly admonishes that we should not enlarge the reach of enacted crimes by constituting them from anything less than the incriminating components contemplated by the words used in the statute".

We need look no further than that the actual decision of that case to rule defendant's motion. In Morissette, the defendant was indicted on the charge that he had violated Section 641 of Title 18 United States Code, which provided that "whoever steals * * * or knowingly converts to his own use * * * any thing of value of the United States * * * shall be [guilty of a felony]". The indictment there involved, as does the indictment in this case, included words broader than the statute. It was

there alleged that the defendant there involved "did unlawfully, wilfully, and knowingly steal and convert property of the United States".

That case did not at all turn on the question of whether the indictment "enlarged" the statutory language. What the Supreme Court held was that the element of intention could not be eliminated from the crime even though the Congress has not mentioned intention in the statute. A brief statement of that case makes this apparent.

The Supreme Court's opinion in Morissette makes clear that the District Court had "refused to submit or to allow counsel [for the defendant] to argue to the jury whether Morissette acted with innocent intention". It also makes clear that the District Court had ruled adversely in regard to the defendant's argument at the time of the trial that the Government must prove that "the taking must have been with a felonious intent". In that regard the District Court had ruled at trial that: "That [intention] is presumed by his [the defendant's] own act". The defendant was convicted; the Court of Appeals affirmed; and the Supreme Court granted certiorari.

The thrust of the Government's argument in the Supreme Court for affirmance of the conviction was that the failure of the Congress to spell out in the statute that the act of converting the Government's property must have been committed with a specific intention meant that proof of such a fact as an essential element of the crime was not necessary.[2]

1. Defendant also asserts in regard to Count II that the indictment is fatally defective in that it does not state that the alleged false statements related to a "material fact". What was said and held in Gonzales v. United States, 10th Cir. 1960, 286 F.2d 118, cert. denied 365 U.S. 878, 81 S.Ct. 1028, 6 L.Ed.2d 190, in regard to the absence of any necessity of using the word "material" in an indictment under Section 1001 makes extensive discussion of defendant's contention concerning that phase of his argument concerning Section 1001 redundant. An application of the principles there discussed establishes that defendant's Sec-

tion 1001 contention in that regard is untenable. Compare also United States v. Brethauer, W.D.Mo.1963, 214 F.Supp. 820, 821, in which we noted that "[t]he question of whether the particular alleged misrepresentation alleged in the indictment was or was not 'material' depends upon many factors that can be made apparent only by a full presentation of the entire factual situation".

2. The Supreme Court, of course, noted that "[t]he contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion" (l. c. 250 of 342 U.S., l. c. 243

The Supreme Court rejected the Government's argument. It held that it was not necessary for the Congress to spell out that the act of stealing, larceny, or its variants and equivalents, which would include the crime of conversion, must be committed "unlawfully, willfully, and knowingly" because any express prescription of criminal intent was wholly unnecessary, "in the light of an unbroken course of judicial decision in all constituent states of the Union holding intent inherent in that class of offense, even when not expressed in a statute".

The Supreme Court continued: "Congressional silence as to mental elements in an Act merely adopting into federal statutory law a concept of crime already so well defined in common law and statutory interpretation by the states may warrant quite contrary inferences than the same silence in creating an offense new to general law, for whose definition the courts have no guidance except the Act. * * * And where Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed".

■ Of equal importance, Morissette recognized in footnote 30 on page 270 of 342 U.S., on page 253 of 72 S.Ct., 96 L.Ed. 288 that "had the indictment been limited to a charge in the words of the statute, it would have been defective if, in light of the common law, the statute itself failed to set forth expressly, fully, and clearly all elements necessary to constitute the offense". As applied to this case, the failure to have alleged a specific

intent would have rendered the indictment in this case defective.

The sections of the statutes under which defendant is here charged have as their source the ancient crime of perjury and both sections are variants and equivalents of that familiar and universal offense. We know of no cases that have even suggested that a specific criminal intent is not an essential element of that crime.

■ We hold that the omission from those sections of more words of intent than already there appear does not eliminate the necessity of proof of the specific intent as alleged in the indictment. We believe to hold otherwise would reject the basic rationale of Morissette, and would also have the consequence of "doing away with the requirement of guilty intent" in prosecutions under the statutes here involved, all of which would have the practical effect of easing "the prosecution's path to conviction * * * strip the defendant of such benefit as he derived at common law from innocence of evil purpose, and * * * circumscribe the freedom heretofore allowed juries" (page 263 of 342 U.S., page 249 of 72 S.Ct., 96 L.Ed. 288).

This we are not willing to do although we have been indirectly invited so to rule by the implications of defendant's argument in this case.

There can be no doubt but that the form of the indictment in this case is in full compliance with Rule 7 of the Rules of Criminal Procedure. See Doyle v. United States, 8 Cir. 1963, 318 F.2d 419. See also United States v. McCue, 2 Cir. 1962, 301 F.2d 452, 454, cert. denied 370 U.S. 939, 82 S.Ct. 1586, 8 L.Ed.2d 808.

For the reasons stated, defendant's motion should be and is hereby overruled.

of 72 S.Ct., 96 L.Ed. 288). And, as pointed out on page 264 of 342 U.S., on page 250 of 72 S.Ct., 96 L.Ed. 288, particular statutes sometimes, but not always, do spell out the requirement of proof of an evil state of mind. Such statutes customarily use such words as "intentional," "wilful," "knowingly," "fraudulent," or "malicious". But, as we shall notice above, the inclusion or the exclusion of such words of purchase by the Congress is not the single criteria of judgment as to whether specific intention is or is not an essential element of a federal crime.

In order to further clear the record, defendant's request for oral argument of the motion filed November 15, 1963, and reiterated in its counter suggestions filed November 21, 1963, will be denied.

The attention of counsel is directed to our order made from the Bench at the time of arraignment that defendant shall file all pre-trial motions within twenty (20) days of this Memorandum and Order and that no additional or supplemental motions will be permitted to be thereafter filed. If the defendant decides he does not want to file any motions, he shall immediately advise the Court so that this case may be set for trial on the next regular trial calendar.

The Government shall file its briefs in opposition to any motion or motions filed by defendant within ten (10) days after the filing of defendant's motion or motions.

It is so ordered.