UNITED STATES of America
v.
Marion Robert SCHEETZ.
No. IP 63–CR–106.

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 19, 1963.

David W. Mernitz, Asst. U. S. Atty., for the Government.

O'Hara, Krise & Holland, by John H. O'Hara, Indianapolis, Ind., for defendant Scheetz.

STECKLER, Chief Judge.

The defendant in this case has been charged by way of grand jury indictment with the violation of Title 26 United States Code, § 7201. The indictment is in three counts, and charges that the defendant wilfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by him to the United States of America, for the calendar years 1956, 1957, and 1958, by filing and causing to be filed a false and fraudulent income tax return for each of such years. The indictment was returned, or found, on August 15, 1963. Following the arraignment, within the time fixed by the court, the defendant on September 26, 1963, filed a motion to dismiss. Two theories are relied on in support of the motion: First, that the indictment on its face alleges that the income tax return for the calendar year 1956 was filed January 15, 1957; that more than six years elapsed between the date of the alleged commission of the offense and the return of the indictment; therefore, prosecution under Count I of the indictment is barred by reason of the provisions of Title 26 United States Code, § 6531. The second theory advanced in support of the motion to dismiss relates to the alleged insufficiency of the complaint filed before the United States Commissioner. Defendant asserts that the complaint, filed by a special agent of the Intelligence Division of the Internal Revenue Service, and the summons issued thereon, are invalid, for the following reasons:

(a) The complaint failed to state the essential facts constituting the offense charged.

(b) The complaint failed to state facts from which the Commissioner could determine that there was probable cause to believe that an offense had been committed, and that, defendant had committed it.

(c) The Commissioner failed to determine that there was probable cause to believe that an offense had been committed, and that defendant had committed it.

(d) The complainant did not have personal knowledge of the essential facts constituting the offense charged.

(e) The complaint was filed more than six years after the commission of the alleged offense.

(f) The complaint charges an offense different from that charged in Count I of the indictment.

The motion to dismiss was fully and carefully considered, and was overruled. On November 15, 1963, the defendant filed a motion asking the court to reconsider the overruling of the motion to dismiss. In it defendant states that the motion to dismiss raised certain factual issues in respect to the complaint; that such factual issues must be resolved on hearing, either at or prior to trial, and that the court cannot rule on it, or the present motion, as a matter of law. Conceding, however, for the purposes of argument, that the motion is one that can be determined as a matter of law, defendant submits that it should be granted on the law. Defendant strongly relies on the recent decision of the Ninth Circuit in the case of United States v. Greenberg, 320 F.2d 467 (9th Cir. 1963), and on the holding of the Supreme Court in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), each relating to the sufficiency of a complaint to show probable cause to believe that an offense has been committed, upon which to issue a warrant or summons.

The argument that the complaint was filed more than six years after the commission of the alleged offense, and that the complaint charges an offense different from that charged in Count I of the indictment, will be dealt with later.

The verified complaint filed by the special agent in this case, states the following:

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

-against-

MARION ROBERT SCHEETZ
a/k/a
ROBERT MARION SCHEETZ

COMPLAINT

Complaint for Violation of Section 7201,
Internal Revenue Code of 1954

Before ____ Edwin Haerle ____ , United States Commissioner, S. Dist. Ind., 1101 Peoples Bank Bldg., Indianapolis, Indiana.

The undersigned complainant, being duly sworn, states:

That he is a Special Agent of the Intelligence Division, Internal Revenue Service, United States Treasury Department and, in the performance of the duties imposed on him by Law, he has conducted an investigation of the Federal income tax liability of Marion Robert Scheetz, a/k/a Robert Marion Scheetz, for the calendar year 1956, by examining the said taxpayer's tax return for the year 1956, and other years; by identifying and interviewing third parties with whom the said taxpayer had financial dealings; by consulting public and private records reflecting the said taxpayer's income and financial dealings; by interviewing third persons having knowledge of the said taxpayer's financial condition; and by determining his proper income by use of the net worth and non-deductible expenditures method.

That based upon the aforesaid investigation, the complainant has personal knowledge that on or about the 15th day of April, 1957, at Indianapolis, Indiana, in the Southern District of Indiana, Marion Robert Scheetz, a/k/a Robert Marion Scheetz, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 1956, by filing and causing to be filed with the Director of Internal Revenue at Indianapolis, Indiana, a false and fraudulent income tax return, wherein he stated that his taxable income for said calendar year 1956 was $4,620.00, and that the amount of tax due and owing thereon was the sum of $1,001.20, when in fact his taxable income for the said calendar year was the sum of $31,327.84, upon which said taxable income he owed to the United States of America an income tax of $14,016.00.

That the complainant further states that he believes that Earl T. Duvall, Internal Revenue Agent, Audit Division, Internal Revenue Service, United States Treasury Department, is a material witness in relation to this charge.

Signed/   Gordon D. Salzmann
Gordon D. Salzmann
Special Agent

(Seal)

Sworn to before me and subscribed in my presence, this __2__ day of April, 1963.

Signed/   Edwin Haerle
United States Commissioner

In United States v. Greenberg, supra, the language of the complaint filed by the special agent was substantially the same as the language of the complaint set out above in this case. The court concluded that the statements made by the complainant were conclusions and not the personal knowledge of the complainant, thus insufficient to provide a basis for the commissioner's determination under Rule 4 of the Federal Rules of Criminal Procedure that probable cause existed to believe an offense had been committed, and ordered the indictment dismissed. Appropos the question whether a hearing should be held in the case at hand, the court in the Greenberg case noted that in the record before it was "the Certificate of the United States Commissioner in which, among other things, he certifies 'that the only evidence or information presented to me in connection with the filing of said complaint and the issuance of said summons was the affidavit of [the agent] as set forth in the aforesaid complaint.'"

Since the decision of the Ninth Circuit in United States v. Greenberg, supra, the Tenth Circuit, in Mario Sanseverino v. United States, 321 F.2d 714 (10th Cir. 1963), has held that the Government in a prosecution for attempting to evade payment of income tax, had no burden to offer formal proof of that which appeared in the case record of the court.

While the Government in the present action chose not to interpose any objections to the court's holding a hearing prior to the commencement of the trial to determine whether the commissioner based his finding on the face of the complaint alone, or upon independent evidence in addition thereto, the Government announced that it would stand on the sufficiency of revenue agent's complaint and the commissioner's prior determination of probable cause.

A hearing was held in which the United States Commissioner, before whom the complaint was filed, was subject to examination by defendant's counsel, and cross-examination by the Government's counsel. In essence the Commissioner testified that he did not go beyond the revenue agent's statements which were contained in the complaint. He did, however, testify that he queried the agent as to how he arrived at his figures in the complaint. In answer to a question by the court, the Commissioner stated that he was familiar with the holding of the Supreme Court in the Giordenello case, and that he keeps that holding in mind in every case coming before him.

■ With due deference to the holding in United States v. Greenberg, supra, in the present case the court concludes that on the face of the complaint there is a sufficient basis for a finding by the Commissioner that probable cause existed for the issuance of the summons.

This case differs from the Giordenello case in that the statements contained in the complaint in this case were sworn to by the agent to have been based on information developed in an investigation conducted by him *personally*. [Emphasis added.] Here also, the complaint is similar to the complaint which was approved by the court in United States v. Black, 216 F.Supp. 645 (W.D.Mo.1963), and in the court's opinion, is in compliance with the principles of the Giordenello case.

■ With respect to the statute of limitation, when a complaint is filed before a United States Commissioner within the period of the statute, the filing of such a complaint will toll the statute of limitation, and a subsequent indictment returned within nine months after the filing of such a complaint is not barred by the statute of limitation. 26 U.S.C. § 6531; United States v. Jaben, W.D. Mo.W.D., 1963, 224 F.Supp. 603; Zacher v. United States, 227 F.2d 219 (8th Cir. 1955); United States v. DeHardit, 120 F.Supp. 110 (E.D.Va.1954).

The tax return of the defendant for the calendar year 1956, which is the return upon which Count I of the indictment is predicated, is alleged to have been filed on or about January 15, 1957. Based on that return, a verified complaint was filed before the Commissioner on

April 2, 1963. The grand jury indictment was returned on August 15, 1963, as heretofore stated. Thus the importance of the defendant's argument is that if the complaint was insufficient to support a finding of probable cause, the statute of limitation was not tolled and Count I of the indictment is barred by the six-year period of limitation.

■ The defendant also contends that even though the complaint is sufficient to support a finding of probable cause, Count I of the indictment is still barred by the statute of limitation because the 1956 tax return was filed on January 15, 1957, and the complaint was not filed until April 2, 1963, a period of more than six years thereafter. Section 6531, however, provides the following:

"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

* * *

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof; * * *"

And that:

"* * * Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States * *."

The section further provides:

"* * * For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable."

Section 6513(a) of Title 26 United States Code provides that:

"* * * [A]ny return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day."

When these provisions are read in conjunction with Section 6072(a) of Title 26 United States Code, which provides that:

"* * * [R]eturns made on the basis of the calendar year should be filed on or before the 15th day of April following the close of the calendar year * * *."

it is evident that the six-year statute of limitation would not have run until April 15, 1963. Therefore, when the complaint was filed before the Commissioner on April 2, 1963, it was filed within such statutory period and tolled the running of the statute of limitation for nine months. United States v. Black, 216 F.Supp. 645 (W.D.Mo.1963). This court is bound by the clear language of Title 26 United States Code, §§ 6531,[1] 6513(a) and 6072 (a).

■ The defendant also contends that there is a fatal variance between the offense alleged in the complaint and the offense alleged in the indictment. The complaint charged that the offense, as to the 1956 tax return, was committed "on or about the 15th day of April 1957," whereas the indictment charged that the offense was committed "on or about the 15th day of January 1957." In view of statutory language heretofore quoted in regard to the statute of limitation, the court holds that the variance, as to the alleged date of the offense in Count I, does not prejudice the rights of the accused since the offense charged is the filing of a false and fraudulent tax return for the year 1956, and the date of

1. Section 6531 was amended by the 1954 Internal Revenue Code to encompass the provisions of Section 6513. 68A Stat. 815 (1954). See, 3 U.S.Code Congressional and Administrative News, p. 4564 (83rd Cong., 2nd Sess.1954), wherein it is stated: "This section (6531) also provides that for purposes of the period of limitations in criminal prosecutions the rules of section 6513 shall be applicable."

the offense is "considered" to be April 15, 1957, in view of Title 26 United States Code, §§ 6531, 6513(a), and 6072 (a).

The accused was fully apprised of the crime with which he was charged.

■ Notwithstanding the hearing conducted in this instance, the court further concludes that a hearing to receive additional evidence is not normally necessary where a United States Commissioner makes a determination of probable cause based upon a verified complaint in which the special agent alleges he has *personal* knowledge that a violation has been committed, and in which the agent sets forth the nature of his investigation and the various sources from which he derives his *personal* knowledge. The complaint in this instance sets forth a sufficient factual basis for the issuance of the summons.

It follows from the foregoing that the six-year period of limitation was tolled by the institution of the complaint.

The motion to reconsider the motion to dismiss is therefore denied.