UNITED STATES, Appellee

v

MICHAEL E. DeANGELO, Airman First Class,
U. S. Air Force, Appellant

15 USCMA 423, 35 CMR 395

No. 18,328

June 4, 1965

 

*Major Robert S. Amery* argued the cause for Appellant, Accused. With him on the brief was *Colonel Robert O. Rollman.*

*Major William F. Rutherford* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

KILDAY, Judge:

Accused was, at the time he committed the acts with which we are concerned, a special agent in the Office of Special Investigations. His filing of agent's reports, indicating he had conducted certain interviews which he had not, led to his present difficulties, and resulted in his trial by general court-martial for submitting false signed official reports, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907. Accused pleaded guilty to, and was convicted of, nine specifications laid under the charge and, intermediate appellate authorities having approved the findings and punishment, he stands sentenced to bad-conduct discharge, total forfeitures, confinement at hard labor for two years, and reduction to the grade of airman basic.[1]

We granted accused's petition to this Court for review, in order to consider the sufficiency of two of the specifications to allege an offense.

The facts germane to our inquiry may be simply stated. The two counts with which we are concerned do not expressly allege that accused submitted the signed reports with intent to deceive, as did the remaining seven specifications, but otherwise are, for prac-

tical purposes, identical to them. Except that each pertains to a purported interview with a different person, each of the two specifications pertinently alleges that accused did:

"... submit a signed official report to wit: OSI Form 42, which report was wholly false in that ... [a named individual] was never interviewed by the ... [accused], and was then known by ... [accused] to be so false."

The accused entered a guilty plea to all the specifications and the charge, and persisted therein after the law officer inquired into his understanding of the meaning and effect thereof. At no time during the trial was any objection raised to any of the specifications or to the charge. Neither was any differentiation made between those specifications expressly alleging intent to deceive, and the two which did not. Rather, all counts were treated throughout as involving an intent to deceive. Thus, the law officer advised accused before accepting his plea that, as to every specification, he admitted the false report was made with intent to deceive. He further advised accused at that time that the maximum sentence

---

[1] We note that, subsequent to the decision of the board of review, and prior to accused's petition to this Court, The Judge Advocate General of the Air Force designated the Retraining Group at Amarillo Air Force Base, Texas, as the place of confinement.

to which he subjected himself by his guilty plea included nine years' confinement—obviously based on one year's imprisonment for each count, the term imposable under the Table of Maximum Punishments for a violation of Article 107 of the Code, supra. Likewise, in instructing the court-martial prior to findings, the law officer included intent to deceive as an element of every specification, and in his instructions to the court members on sentence again treated each specifications as constituting a one year violation of Article 107.[2]

Article 107, Uniform Code of Military Justice, supra, provides as follows:

"Any person subject to this chapter who, with intent to deceive, signs any false record, return, regulation, order, or other official document, knowing it to be false, or makes any other false official statement knowing it to be false, shall be punished as a court-martial may direct."

There can be no question but that intent to deceive is an element of the offense. However, it is to be noted that the statute also expressly requires a finding of knowledge of the falsity of the instrument. See United States v Bernacki, 13 USCMA 641, 33 CMR 173. Thus some question may be raised as to whether or not the requisite intent to deceive—even though not expressly alleged—may be said to be pleaded by fair construction from the fact that the specification, challenged for the first time on appeal, alleges that an OSI agent submitted a signed false official investigation report, well-knowing the same to be false. See Judge Ferguson's dissenting opinion in United States v Young, 9 USCMA 452, 26 CMR 232. See also Hagner v United States, 285 US 427, 76 L ed 861, 52 S Ct 417 (1932); United States v Marker, 1 USCMA 393, 3 CMR 127; United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Mamaluy, 10 USCMA 102, 27 CMR 176. That question is no less vexing now than then but, under the particular facts of

the instant case, need not be decided here.

As this Court pointed out in United States v Middleton, 12 USCMA 54, 30 CMR 54, it is clear from their language and purpose that Section 1001 of Title 18, United States Code, and Article 107 of the Uniform Code, supra, are closely related offenses. Indeed, the same are apparently multiplicious when the same act is charged in both ways. And, when a violation of the former is laid as a crime or offense not capital under Article 134, Uniform Code of Military Justice, 10 USC § 934, it is settled that the same may be punished only as a violation of Article 107, with a maximum of one year's confinement and accessories.

In another line of cases, this Court has followed the provision of the Manual for Courts-Martial, United States, 1951, paragraph 27, stating, with regard to drafting of charges, that:

". . . Neither the designation of a wrong article nor the failure to designate any article is ordinarily material, provided the specification alleges an offense of which courts-martial have jurisdiction."

See United States v Deller, 3 USCMA 409, 12 CMR 165; United States v O'Neil, 3 USCMA 416, 12 CMR 172; United States v Olson, 7 USCMA 460, 22 CMR 250. See also United States v Johnson, 3 USCMA 174, 11 CMR 174. The theory involved, of course, is that form will not prevail over substance, and whether an offense, or which offense, is alleged, depends upon what is pleaded, not the numerical designation of the charge.

In short, a plea of guilty admits all facts well pleaded and, if the specification sets forth an offense within the purview of military jurisdiction, the designation of the Article of the Code mentioned in the Charge is of no consequence so long as the accused is fairly apprised by the facts pleaded of the nature of the offense he is charged with

---

[2] The board of review, in its decision, reassessed accused's sentence in light of multiplicity between two of the seven specifications as to which we are not here concerned.

committing, and not misled in his defense. See United States v Hutcheson, 312 US 219, 85 L ed 788, 61 S Ct 463 (1941); United States v Kolodny, 149 F2d 210 (CA 2d Cir) (1945). It follows, of course, that an accused will also thereby be protected against subsequent jeopardy. See Hagner v United States, and allied cases in this Court, all supra.

18 USC § 1001, supra, provides as follows:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Comparing the above statute with the allegations of the questioned specifications, it is at once apparent that the signing and submitting, by an OSI agent, of a false official investigative report, involves a matter within the jurisdiction of an agency of the United States.

The same is also obviously true of the further requirement of materiality. As the United States Court of Appeals for the Tenth Circuit stated in Gonzales v United States, 286 F2d 118 (1960), cert den, 365 US 878, 6 L ed 2d 190, 81 S Ct 1028 (1961), decided subsequent to United States v Young, supra:

". . . [T]he better reasoned rule, supported by the weight of authority, is that Congress intended that materiality should be an essential element of the offenses defined in Section 1001. We are in accord with the court's statement in Freidus v United States, 96 US App DC 133, 223 F2d 598, 601, which is as follows:

'One portion of § 1001 refers to willfully and knowingly falsifying, concealing or covering up "a *material* fact." On the other hand, the part here involved, without ex-

pressly mentioning materiality prohibits "any false, fictitious or fraudulent statements or representations." We think, however, that this highly penal statute must be construed as requiring a material falsification. The legislative purpose strongly implies that only material false statements were contemplated, i.e. statements that could affect or influence the exercise of a governmental function. That purpose, as expressed by the Supreme Court in United States v Gilliland [312 US 86, 61 S Ct 518, 85 L Ed 598], was "to protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described." No perversion of a governmental function could possibly result from a false statement that was incapable of affecting or influencing such function. And the greater weight of authority in the federal courts supports the view that materiality is an essential element of the offense described by § 1001.' (Footnotes omitted.)"

See also Weinstock v United States, 231 F2d 699 (CA DC Cir) (1956).

The court went on to hold in *Gonzales,* however, that the facts alleged showed the requisite materiality even in the absence of the word "material" in any of the counts of the indictment. The court reasoned as follows:

"The indictment in the instant case charged the offense in the words of the statute, without an allegation that the false statements were material to the inquiry. When the words of a statute do not fully, directly and expressly set forth all of the essential elements constituting the offense described, allegations in the words of the statute are insufficient, but allegations of fact which show materiality will suffice. Meer v United States, 10 Cir., 235 F 2d 65." [Gonzales v United States, supra, at page 121.]

To the same effect, see also United States v Jaben, 224 F Supp 603 (WD Mo) (1963).

426

Applying the teaching of *Gonzales* to the case at bar, there can be no doubt that materiality is made out by the facts pleaded in the specifications, for it is alleged in the questioned counts that the false statements signed and submitted by accused were official investigation reports. The materiality of such false reports by an agent making field investigations is beyond cavil.

Left for consideration then, with regard to the § 1001 offense, is the matter of criminal intent. In this connection appellate defense counsel invite our attention to United States v Jaben, supra, which does indeed state that failure to allege such an intent would render an indictment under 18 USC § 1001, or a similar section of the Internal Revenue Code, defective. We have no quarrel whatever with that holding. Indeed, the learned trial judge based his conclusion on the Supreme Court's discussion of criminal intent in Morissette v United States, 342 US 246, 96 L ed 288, 72 S Ct 240 (1952).

It must be noted, however, that the court in *Jaben* did not hold the indictments there under consideration insufficient to state an offense, or otherwise defective. Rather, the defendant's attack thereon was rejected. As a reading of the opinion discloses, the defendant's complaints included the argument that the grand jury improperly "enlarged" upon the language of the statute. A comparison with the statute—which contains no express mention of intent to deceive—makes it apparent that "intent to deceive" was not expressly alleged in any of the counts. Thus, with regard to the requisite criminal or "guilty" intent, it is manifest that the same was found to be present in the allegation of willfully making a false statement with knowledge of the falsity of the same.

In accord with this approach is Gonzales v United States, supra, where the Court of Appeals held counts of an indictment for violation of § 1001 sufficient to state an offense where the defendant was charged with knowingly making false statements with awareness of their falsity.

Surely the necessary criminal intent is made out in such an instance, as knowing, deliberate, willful, or intentional action is commonly the basis for various crimes, both in the civilian community and in military law. Indeed, in a number of different areas we have treated the same as a specific criminal intent.

In sum, it is clear that the specifications in question allege the noncapital offense proscribed under 18 USC § 1001. Equally certain is the conclusion that accused was, by the facts alleged and by the explanation and inquiry made of him before accepting his guilty pleas, fairly apprised of the nature of the offense involved and put on notice of what he must defend against. Accordingly, and in light of what we have stated hereinbefore, we hold that the designation of the violations to which accused pleaded guilty, under Article 107 of the Uniform Code of Military Justice, supra, is of no importance. United States v Hutcheson; United States v Kolodny; United States v Deller; United States v O'Neil; United States v Olson, all supra. The punishment for the offenses is identical regardless of whether they lie under Article 107 or as noncapital crimes under the General Article, United States v Middleton, supra, and the accused's sentence has been assessed on that basis. We, therefore, find the accused's assignment of error to be without merit.

We do, however, desire to take this opportunity to point out that, as intent to deceive is an element of Article 107 offenses, questions of the sort before us here would be obviated were more care used by both those drafting the pleadings to allege expressly the requisite intent, and those charged with reviewing their sufficiency before trial. Cf. Articles 30 and 34, Uniform Code of Military Justice, 10 USC §§ 830 and 834.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

I concur in the result for the reasons set out in my opinion in United States v Young, 9 USCMA 452, 26 CMR 232.