**UNITED STATES, Appellee,**

v.

**Ernesto V. SAMPSON, Private, U. S. Army, Appellant.**

**No. 30,690.**

U. S. Court of Military Appeals.

Jan. 23, 1976.

## OPINION OF THE COURT

PER CURIAM:

At his trial by a military judge sitting alone as a special court-martial, the accused was convicted of an offense that was charged as noncapital under Article 134, Uniform Code of Military Justice, 10 U.S.C.

§ 934, and specifically alleged that it violated section 1001 of title 18 of the United States Code. The finding is supported by accused's plea of guilty as well as statements that he made during the providence inquiry. The petition, however, was granted on an issue which involves the legality of the sentence that included a bad-conduct discharge, partial forfeitures for 6 months, and confinement at hard labor for 4 months.

The problem is not unique. Previously, when considering similar questions, this Court has held that a violation of 18 U.S.C. § 1001 laid as a crime or offense not capital under Article 134, UCMJ, "is closely related" to a violation of Article 107, UCMJ, for sentence purposes. *United States v. Kuchinsky*, 17 U.S.C.M.A. 93, 96, 37 C.M.R. 357, 360 (1967); *United States v. DeAngelo*, 15 U.S.C.M.A. 423, 35 C.M.R. 395 (1965); *United States v. Middleton*, 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960). Furthermore, because the misconduct does not charge the signing of an official document and the accused is not a noncommissioned officer, the legal maximum punishment may not exceed confinement at hard labor for 3 months and forfeitures of two-thirds pay for a like period.[1] Therefore, the approved sentence is illegal.

Although a rehearing on sentence might be appropriate under other circumstances, this course is not warranted. The record reflects that accused has been separated from the service and the unexecuted portion of his sentence extending to confinement and forfeitures was suspended with a provision for remission effective September 18, 1974, which was less than 3 months after his trial on June 28, 1974. Accordingly, to terminate these proceedings, we affirm only that portion of the confinement and forfeitures that ran from the date of the imposition of sentence to the date the unexecuted portion of the confinement and forfeitures was ordered suspended.[2] As modified, the decision of the Court of Military Review is affirmed.

---

1. Table of Maximum Punishments, paragraph 127c, Section A, Manual for Courts-Martial, United States, 1969 (Rev.).

2. Article 57(a) and (b), UCMJ, 10 U.S.C. §§ 857(a) and (b).